UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| KEISHA GREEN., | ) | C/A No.:  3:26-cv-3006-MGL-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT |
| -vs- | ) | (Jury Trial Demanded) |
| | ) | |
| UNITED PARCEL SERVICE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Keisha Green, complaining against Defendant, United Parcel Service, alleges as follows:

**PARTIES**

1. Plaintiff Keisha Green is an adult resident of Winnsboro, South Carolina. She is a 35-year-old African American woman who has been employed by Defendant since January 2021, first as a small sort employee and later, beginning in June 2021, as a package car driver.

2. Defendant United Parcel Service is the employer identified in Plaintiff's administrative charge. The charge lists Defendant's address as 1782 Old Dunbar Road, West Columbia, South Carolina 29172, in Lexington County, and states Defendant has more than 500 employees.

**JURISDICTION AND VENUE**

3. This action arises under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, 42 U.S.C. § 1983, and South Carolina common law.

4. This Court has subject-matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's related state-law claims under 28 U.S.C. § 1367.

5. Venue is proper in this District because a substantial part of the events and omissions giving rise to these claims occurred in South Carolina, including at Defendant's West Columbia, South Carolina location.

## ADMINISTRATIVE EXHAUSTION

6. On September 30, 2024, Plaintiff filed a Charge of Discrimination with the EEOC, requested that the charge be filed with both the EEOC and the South Carolina Human Affairs Commission, and alleged race discrimination, retaliation, disability discrimination, and hostile work environment claims.

7. Plaintiff generally avers, as a condition precedent to suit, that she has exhausted her administrative remedies and has received a Notice of Right to Sue.

## GENERAL ALLEGATIONS

8. Plaintiff's direct supervisors included Isaac Reynolds, David Criminger, and Exodus Lorick, and Corey Brown served as Center Manager.

9. The discriminatory and retaliatory conduct began no later than February 12, 2024, and continued thereafter. Plaintiff alleged the discrimination was continuing.

10. Plaintiff alleges that Brown consistently singled her out for discipline while her Caucasian colleagues were not subjected to the same treatment. She further alleged Brown disciplined her without just cause on February 12, 2024, called her into the office

constantly, and that she filed several grievances challenging the write-ups as race discrimination, after which the disciplines were retracted.

11. On or about March 13, 2024, Plaintiff suffered an anxiety attack at work due to racial harassment. At that time, Brown allegedly refused to call 911 despite Plaintiff's collapse to the floor.

12. On or about March 15, 2024, Plaintiff returned to work following her panic attack, but Brown sent her home and did not allow her to work. Plaintiff alleged that, despite complying with company policy and turning in proper paperwork to return to work, Brown required her to remain out of work until his vacation ended, causing her to miss nine days of work.

13. On or around May 2024, Brown cited Plaintiff for failing to deliver to a business even though the business was gated, and Brown issued Plaintiff a working termination. During that same meeting, Division Manager Blake Lowery allegedly called Plaintiff "retarded" and levied other insults. Plaintiff appealed the termination, filed a grievance, and the termination was overturned.

14. On or about June 7, 2024, Plaintiff was elected Shop Steward. Plaintiff alleges Brown filed another disciplinary action against her that same day even though she had done nothing wrong.

15. On or around September 2024, Lowery questioned Plaintiff about her grievances against him. Plaintiff alleges this was retaliatory and was tied to her complaints of race discrimination.

16. Defendant's conduct caused Plaintiff to suffer lost wages, lost work time, humiliation, emotional distress, anxiety, and other damages.

**CAUSES OF ACTION**

**COUNT I – RACE DISCRIMINATION AND HOSTILE WORK ENVIRONMENT IN**

**VIOLATION OF TITLE VII**

18. Plaintiff incorporates the preceding paragraphs.

19. Plaintiff is a member of a protected class.

20. Defendant, through its managers and supervisors, subjected Plaintiff to repeated unwarranted discipline, singled her out for harsher treatment than Caucasian coworkers, repeatedly called her into the office, and allowed racially charged and demeaning treatment to continue.

21. Defendant's conduct was severe or pervasive enough to alter the terms and conditions of Plaintiff's employment and create an abusive and hostile work environment.

22. As a direct and proximate result, Plaintiff suffered damages.

**COUNT II – RETALIATION IN VIOLATION OF TITLE VII**

23. Plaintiff incorporates the preceding paragraphs.

24. Plaintiff engaged in protected activity by filing grievances and complaining that the write-ups and treatment she received were racially discriminatory.

25. After Plaintiff engaged in protected activity, Defendant continued or escalated disciplinary actions against her, kept her out of work after she attempted to return, issued a working termination that was later overturned, disciplined her on the same day she was elected Shop Steward, and questioned her about her grievances.

26. Defendant's actions were materially adverse and were causally connected to Plaintiff's protected activity.

27. As a direct and proximate result, Plaintiff suffered damages.

## COUNT III – DISABILITY DISCRIMINATION AND DISABILITY-BASED HARASSMENT IN VIOLATION OF THE ADA

28. Plaintiff incorporates the preceding paragraphs.

29. Plaintiff's EEOC charge expressly alleged disability discrimination and disability hostile work environment.

30. Plaintiff suffered an anxiety attack at work, collapsed to the floor, and thereafter was sent home and kept out of work for nine days despite submitting paperwork to return to work.

31. Defendant discriminated against Plaintiff because of disability, perceived disability, and/or disability-related limitations, and Defendant subjected Plaintiff to disability-based harassment.

32. As a direct and proximate result, Plaintiff suffered damages.

## COUNT IV – BREACH OF CONTRACT

33. Plaintiff incorporates the preceding paragraphs.

34. Upon information and belief, Plaintiff's employment relationship was governed in material part by a collective bargaining agreement, just-cause provisions, grievance procedures, return-to-work procedures, anti-retaliation provisions, and/or other enforceable employment promises.

35. Brown required Plaintiff to remain out of work after she submitted the paperwork required for her return, and the working termination issued in May 2024 was later overturned through the grievance process.

36. Defendant also issued repeated disciplines that Plaintiff challenged through grievances and that were retracted after contest.

37. These acts constituted breaches of the contract and/or enforceable employment promises.

38. As a direct and proximate result of Defendant's breach, Plaintiff suffered damages, including lost wages and benefits.

## COUNT V – BREACH OF CONTRACT ACCOMPANIED BY A FRAUDULENT ACT

39. Plaintiff incorporates the preceding paragraphs.

40. Plaintiff alleges the contract described above existed and was breached.

41. Brown cited Plaintiff for failing to deliver to a business even though the business was gated, issued a working termination, and that termination was later overturned.

42. Plaintiff also alleges Brown required her to remain out of work after she submitted proper paperwork to return to work, and that prior write-ups were retracted after she challenged them.

43. These facts support the inference that Defendant acted with fraudulent intent in connection with the breach and used knowingly false, pretextual, or deceptive disciplinary acts to deprive Plaintiff of wages, contractual protections, and continued work opportunities.

44. The fraudulent acts accompanying the breach included, false or pretextual write-ups, the following termination, the misuse of return-to-work procedures, and related deceptive acts undertaken by Defendant's managerial agents.

45. As a direct and proximate result, Plaintiff is entitled to actual and punitive damages.

### PRAYER FOR RELIEF

Wherefore, Plaintiff requests judgment against Defendant and asks for:

1. Actual damages;

2. Back pay, front pay, lost wages, and lost benefits;

3. Compensatory damages for emotional distress, humiliation, embarrassment, and mental anguish;

4. Punitive damages as permitted by law;

5. Prejudgment and post-judgment interest;

6. Reasonable attorney's fees and costs as permitted by law;

7. Reinstatement or, if reinstatement is not feasible, front pay;

8. Injunctive and other equitable relief prohibiting further discrimination and retaliation; and

9. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

By: s/Aaron Wallace_____
Aaron Wallace, Esq (100255)
Ryan McKaig, Esq (104026)
Wallace Law Firm
1416 Laurel Street, STE B
Columbia, SC 29201
PH: 803-766-3997
Fax: 839-218-5786
awallace@wallacefirmsc.com
ryan@mckaiglaw.com

Columbia, South Carolina

June 26, 2026